## CARBORUNDUM CO. v. COE, Com'r of Patents.

### Civil Action No. 1325.

District Court of the United States for the District of Columbia.

June 27, 1940.

Albert Grobstein, of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. of Patent Office, of Washington, D. C., for defendant.

BAILEY, Justice.

### Findings of Fact.

1. This is a civil action brought under the provisions of Section 4915, R.S., U.S.C.A. title 35, § 63, in which it was sought

to have the Court find that plaintiff, the Carborundum Company, as the assignee of the application of Harry C. Martin and Carl W. Foss, Serial No. 66,627, filed March 2, 1936, is entitled to have issued to it on said application a patent containing claims set out in paragraph 5 of the complaint, said claims being claims 28 and 29 of the aforesaid application.

2. The Martin and Foss application in suit relates to a method of making coated abrasives, such as sandpaper, and also to a coated abrasive article as a product of such method. Certain claims to the method were allowed by the Patent Office and were not in issue in this action.

3. The specification of the Martin and Foss application describes the coated abrasive article as comprising a backing material coated with a substantially single layer of abrasive grains, some of which grains are additionally coated with a second layer of grains, whereby the composite coating will consist of areas covered by a substantially single layer of grains interspersed with clusters or mounds of additional grains attached to some of the first mentioned grains.

4. The specification aforesaid further discloses that the first layer of abrasive grains may be adhesively attached to the backing material by coating said material with an adhesive, that the second layer of abrasive grains may be attached to the first by coating said first layer with a further coating of adhesive, and that the second layer of abrasive grains may be finally sized with a third adhesive coating.

5. This Court adopts as findings of fact the findings contained in the decision of the Board of Appeals of the Patent Office, which are in substance: That upon comparison of the terms of the appealed claims with the showing of Fig. 3 of the Gardner patent No. 945,931, there is rather nebulous, if any, difference in structure; that although the claims contain repeated reference to "coated surface" or "coated with", patentable weight does not attach to the distinction between and reference to the possible method by which the article might be formed, whether by molding or by de-posing successive layers of abrasive material; that the difference in depth of a layer as between less than two grains deep and slightly more than two grains deep is not a patentable difference; that such distinction in depth of layer appears to be only an accidental or arbitrary one of terms rather than merits; that in plaintiff's application no original disclosure relevant to this difference appears; that the terms of the claims do not define invention over Gardner's Fig. 3; that it cannot be conceded that Gardner's method is inoperative; that it does not appear conclusive that Gardner forms a thick rigid grinding disk; that the backing 21, in Fig. 3 of Gardner, may be said fairly to be coated by the abrasive material; and that for all these reasons the Examiner's action in rejecting the claims was proper.

6. In view of the above findings, the Court considers it unnecessary to make any further findings concerning the references Erwood et al. (British Patent No. 613 of 1859), Garner (British Patent No. 330,322), and Morris (U. S. Patent No. 1,904,663,) relied upon by defendant at the trial.

### Conclusions of Law.

1. In view of the prior art, it was not invention to provide a coated abrasive article comprising a backing, a layer of abrasive grains attached to the backing by an adhesive, and an additional layer of abrasive grains adhesively attached to uniformly distributed parts of the first layer, wherein the total quantity of abrasive grain was less than enough to cover the backing with a layer of grains of uniform thickness two grains deep.

2. In view of the prior art it was not invention to produce the article described in the foregoing paragraph and to provide the additional feature of a final or sizing coating of adhesive thereon.

3. Claims 28 and 29 of the Martin and Foss application are not patentable.

4. Plaintiff is not entitled to a patent on the Martin and Foss application involved in this action containing the claims set out in the complaint or either of them.

5. The complaint should be dismissed.